UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS CRAIG JOHNSON, et al., <br>     Plaintiff(s), <br> v. <br> UNITED STATES, <br>     Defendant(s). | Case No. 2:23-cv-00447-JAD-NJK <br><br> **REPORT AND RECOMMENDATION** <br><br> [Docket Nos. 1, 2] |

    Pending before the Court are Plaintiffs' applications to proceed *in forma pauperis*. Docket Nos. 1-2.

    The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access,[1] as well as monthly expenses. *See, e.g., id.* at *3-4. While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    Plaintiffs have a combined gross monthly income of $11,658. Docket No. 1 at 1 (identifying social security disability monthly income for Dennis of $950, as well as veterans

---

[1] Hence, the income and assets of spouses are considered. *E.g.*, *Betten v. Berryhill*, 2018 U.S. Dist. Lexis 56623, at *1 (D. Nev. Apr. 3, 2018).

1

disability monthly income of $8,858 for Dennis); Docket No. 2 at 1 (identifying social security disability monthly income for Yvonne of $1,850). Such income greatly exceeds the federal poverty guidelines. Moreover, the monthly income is significantly higher than the monthly expenses identified of $8,150.62. Docket No. 1 at 4.[2] Plaintiffs also own a vehicle valued at more than $20,000. Docket No. 1 at 2. Lastly, Plaintiffs have $376 in cash on hand. *Id.* These are not circumstances in which *in forma pauperis* status is warranted. *Cf. Flores*, 2014 U.S. Dist. Lexis 93236, at *5 (finding *in forma pauperis* status unwarranted given that $1,900 in monthly income surpassed the federal poverty guideline and the monthly expenses identified).

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' application to proceed *in forma pauperis* be **DENIED** and that Plaintiffs be required to pay the filing fee if they wish to proceed with this case.[3]

Dated: June 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] It is not clear to the Court that the expenses identified reflect the "necessities of life," particularly those related to the secondary residence at which Plaintiffs' daughter and her family live. Nonetheless, the Court assumes that they do so for purposes of this order because the same conclusion would be reached at any rate.

[3] The Ninth Circuit has determined that denial of an application to proceed *in forma pauperis* is a matter beyond the authority of a magistrate judge. *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988). Accordingly, the undersigned issues this report and recommendation to the assigned district judge.